IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

DAVIS NEUROLOGY, P.A. on )
behalf of itself and all other entities and )
persons similarly situated, )
)
        Plaintiffs, )      CASE NO. 58cv-2016-10
)       JURY DEMAND
vs. )
)
DOCTORDIRECTORY.COM, LLC, )
EVERDAY HEALTH, INC and )
JOHN DOES 1-10, intending to refer )
To those persons, corporations or other legal )
Entities that acted as agents, consultants, )
Independent contractors or representatives )
)
        Defendants. )
)

## FIRST AMENDED CLASS ACTION COMPLAINT

COMES Now David Neurology, P.A. on behalf of itself and all other persons or entities

similarly situated, as Representative Plaintiff, and files this Class Action Complaint against the

Defendants, DoctorDirectory.com, LLC, Everyday Health, Inc., and John Does 1-10 and would

respectfully show the following:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Davis Neurology, P.A. is business offering services in Arkansas. The

business is located at 220 North Phoenix Avenue, Russellville, AR 72801. Hereinafter, Davis

Neurology, P.A. will be referred to as "Representative Plaintiff."

2.    Defendant DoctorDirectory.com, LLC, (hereinafter, "Doctor Directory") is, upon

information and belief, a for-profit North Carolina Corporation, organized under Delaware Law,

having a registered agent address of 327 Hillsborough Street Raleigh, NC 27603. It also has a

principle office address of 1 Page Avenue Suite 280, Asheville, NC.

1



3.    Defendant Everyday Health, Inc. (hereinafter, "Everyday Health") is, upon information and belief, a for-profit New York Corporation, with an address of 345 Hudson Street 16th Floor New York, NY 10014 and a service of process address of C/O Corporation Service Company, 80 State St., Albany, NY, 12207-2543

4.    Defendants John Does 1-10 represent those persons, corporations, or other legal entities that acted as agents, consultants, independent contractors or representative of Doctors Directory/Everyday Health and/or who assisted Doctors Directory/Everyday Health in creating, publishing, broadcasting and faxing the document received on the fax machine by Representative Plaintiff whose identities at this time are unknown but will be substituted by amendment when ascertained.

5.    The claims of the class of persons represented by the Representative Plaintiff arise pursuant to the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter, "TCPA").

6.    This Court has jurisdiction over this action pursuant to Ark. Code Ann. §16-4-101 et seq. This Court has jurisdiction over the Defendants because at all relevant times, they conducted business in Arkansas.

7.    Venue is proper in this County pursuant to Ark. Code Ann. §16-55-213, et seq., in that the plaintiff is has its principal place of business in and does conduct business in this County.

## FACTUAL ALLEGATIONS

8.    The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code.  47 U.S.C. § 227 was last amended in 1994.

2

In pertinent part, 47 U.S.C. § 227(b) provides "It shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

9.     In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

10.     As used in both 47 U.S.C. § 227 and 47 C.F.R. 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." (47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).)

11.     Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

   (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

   (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

11.     Representative Plaintiff has, and at all relevant times had, telephone service at 479.880.0101 and fax service at 479.880.0118 for its offices located at 220 North Phoenix

3

Avenue, Russellville, AR 72801 in Pope County, Arkansas.  Representative Plaintiff receives

facsimile transmissions ("faxes") at that number, using a telephone facsimile machine ("fax

machine").DoctorsDirectory.com is a for-profit "privately-held, multi-channel pharmaceutical

marketing services company" that targets the healthcare industry, collects personal contact and

internet usage data (i.e. "cookies") from users through the use of market research surveys and

other collection means, and then uses this information to "deliver customized advertising to

[users] on this Site, on the Services and on other digital and offline media channels." .

12.     By accessing or using any part of DoctorsDirectory.com, users agree to the

Medical Professional User Agreement and Privacy Policy posted on that website, which make it

clear that the website's purpose is the collection of user data to use for marketing purposes.[1]

13.     DoctorsDirectory.com markets a numbers of services to assist it in the collection

of user contact and internet usage data, including "tools, applications, email, direct mail, phone

calls, faxes, text messages, bulletin and message boards, chat areas, news groups, forums,

communities, calendars and downloadable mobile applications related to the Site or provided

through the Site."

14.     DoctorDirectory.com also shares with third-party advertisers users' personal

information personal information (such as name, specialty, NPI number, and country of

residence) and users' internet usage data and cookies, but disclaims that it "not control these

advertisers or other parties' use of cookies or web beacons or what they do with the information

they collect."

15.     DoctorDirectory.com discloses that it will "sometimes gather Personal

Information on behalf of a sponsor in association with an offer or promotion," and that when

---

[1] See https://www.doctordirectory.com/hcp/physician/hcpro-privacy.aspx and
https://www.doctordirectory.com/HCP/physician/hcpro-termsofuse.aspx

users participate in a survey, they may provide the users' personal information and registration data "to third parties including the survey sponsor or the promotion sponsor."

16.     User information collected includes, but is not limited to name, password, postal address, degree, specialty, e-mail address, phone number, fax number, State of Licensure, NPI, DEA, AMA and/or ME Number, affiliations, conditions treated, health plans, languages spoken and demographic information.

17.     Once DoctorDirectory.com successfully solicits and individual to its site, including through faxes such as the one at bar, it uses the personal contact and internet usage information it collects to send users "promotional/marketing information, newsletters, research opportunities, pharmaceutical product and clinical information, opportunities to request authorized pharmaceutical samples, medical education opportunities and other offers and information regarding opportunities and functionality that we think would be of particular interest to" the particular user," which it delivers through "email messages, online messaging, faxes, texts, telephone, and/or direct mail."

18.     The Medical Professional User Agreement and Privacy Policy states that "Each time you visit the Site or use the Services, you agree and expressly consent to our collection, use and disclosure of the information that you provide as described in this Policy."

19.     Alan Shapiro is the President of Doctors Directory. His LinkedIn page says he is also the Executive Vice President, General Counsel & Chief Privacy Officer at Everyday Health, Inc.[4]

20.     According to Doctor Directory's Application for Certificate of Authority for Limited Liability company, Alan Shapiros' business address is 345 Hudson Street 16th Floor New York, NY 10014, which is the same address for Everyday Health.

---

[4] https://www.linkedin.com/in/alan-shapiro-963039b8

21.    When one clicks on the "about us" link at the bottom of the www.DoctorsDirectory.com, the visitor is taken to another page where Everyday Health is referenced.[5]

22.    Everyday Health, Inc. operates a website substantially similar to DoctorDirectory.com in that it advertises products or services, and provides "marketers with a trusted platform to promote their offerings to consumers and healthcare professionals, including a suite of customized marketing solutions that utilize our database to target their desired audience."

23.    In 2014, Everyday Health, Inc. announced that it was acquiring DoctorDirectory in order to "accelerate our strong momentum in the professional market by significantly increasing our physician reach and enhancing the sophisticated ROI [return on investment]-based marketing solutions we offer advertisers seeking to engage with healthcare professionals."

24.    Doctors Directory and Everyday Health jointly participated in creating and transmitting the fax.

25.    On or about November 17, 2015, Representative Plaintiff received on its fax machine a fax transmission from Defendants requesting that Plaintiff access Defendants website to participate in a study in return for $15 Honorarium.

26.    Although the fax may attempts to makes it appear as though its primary purpose is is clinical research and providing a $15 Honorarium in exchange for participation in a survey, the Medical Professional User Agreement and Privacy Policy makes it clear that the survey offered in the fax is a mere pretext for advertising the commercial availability or quality of DoctorDirectory's services, and the collection of users' private information for the use in commercial advertising.

---

[5] http://contactdd.com/

27. The fax received by Representative Plaintiff from Defendants on or about November 17, 2015 was wholly unsolicited. A true and correct copy of this fax advertisement is attached hereto as Exhibit A.

28. Exhibit A does not contain an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv).

29. Exhibit A does not contain an Opt-Out Notice stating that sender's failure to comply within 30 days to a request to stop sending such faxes is unlawful.

30. Defendants, and/or its employees and/or its agents, created Exhibit A and had the capability to control the contents thereof.

31. Defendants, and/or its employees and/or its agents, determined the fax telephone numbers to which Exhibit A was sent to the Representative Plaintiff and other recipients.

32. Upon information and belief, Defendants sent fax transmissions of Exhibit A to hundreds, if not thousands, of telephone facsimile machines located in Arkansas and other States offering their business.

33. Said transmissions of Exhibit A were made for the purpose of advertising the commercial availability of goods and services available from Defendants.

34. Representative Plaintiff further alleges that in each instance Defendants did so willfully or knowingly.

35. Plaintiff further alleges on information and belief that in each instance Defendants had actual notice of participation, or a high degree of involvement, in a plan to transmit unsolicited advertisements to telephone facsimile machines (by, for example, knowing the that the transmitted faxes were advertisements or participating in preparing their content, providing or obtaining the fax telephone number of Representative Plaintiff or other recipients, and

7

knowing that Plaintiff or other recipients had not authorized the faxes' transmission by prior express invitation or permission).

36.    Representative Plaintiff therefore alleges that defendants violated 47 U.S.C. § 227 and 47 C.F.R. § 64.1200.

## CLASS ACTION REGARDING SIMILARLY SITUATED PLAINTIFFS

37.    Pursuant to Ark. R. Civ. P. 23, Representative Plaintiff brings this action on behalf of a Class of individuals defined as follows:

> All persons, natural or otherwise, in the United States and its territories who received one or more unsolicited facsimile transmissions from Defendants advertising goods and services for a commercial purpose with content substantially similar to that contained in Exhibit A during the period from January 21, 2012 through the present.

Excluded from the Class are: (1) Doctor Directory and Everyday Health and any entity in which Doctor Directory and/or Everyday Health have a controlling interest, and their legal representatives, officers, directors, assignees, and successors, and any co-conspirators; and (2) any judge or justice to whom this action is assigned, together with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person.

38.    Upon information and belief, Representative Plaintiff alleges that noncompliant facsimile advertisements sent on behalf of the Defendants to advertise their products and services have been transmitted to hundreds, if not thousands, of telephone facsimile machines in Arkansas and, presumably, other states through an intentional and persistent course of conduct. Each such transmission constitutes a separate violation of the TCPA. Because the Class members are dispersed and are believed to number in the hundreds if not thousands, individual joinder is impractical in satisfaction of Fed. R. Civ. P. 23(a)(1). The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and to the Court.

39.   Representative Plaintiff's claims are typical of the claims of the Class, as required by Fed. R. Civ. P. 23(a)(3), in that Representative Plaintiff received an unsolicited facsimile advertisement from Defendants advertising goods and services for a commercial purpose during the proposed Class Period.

40.   The factual and legal bases of Defendant's misconduct are common to all members of the Class and represent a common cause of injury to Representative Plaintiff and the Class members.

41.   Numerous questions of law and fact are common to the Class and predominate over questions affecting only individual Class members, as required by Fed. R. Civ. P. 23(a)(2) and 23(b)(3). Such common questions including, but are not limited to:

i.   Whether Defendants had a business practice of sending unsolicited facsimile advertisements for its commercial goods and services in violation of the TCPA;

ii.   Whether the unsolicited facsimile advertisements sent by Defendants contained an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv);

iii.   Whether Defendants harmed Representative Plaintiff and the Class;

iv.   Whether Representative Plaintiff and the Class are entitled to compensatory damages and, if so, in what amount;

v.   Whether Representative Plaintiff and the Class are entitled to additional statutory damages and, if so, in what amount; and

vi.   Whether Representative Plaintiff and the Class are entitled to equitable and/or injunctive relief.

42.   Representative Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct by Defendants and the relief sought is common.

9

43.    The Class is ascertainable, as the Class is defined using objective criteria and Class Members who received unsolicited facsimile advertisements from Defendants are easily identifiable based on existing telephone records.

44.    Representative Plaintiff will fairly and adequately represent and protect the interests of the Class, as required by Fed. R. Civ. P. 23(a)(4). Moreover, Representative Plaintiff has retained counsel with substantial experience in the prosecution of nationwide class actions. Representative Plaintiff and his counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so. Neither Representative Plaintiff nor its counsel has any interests adverse to those of the Class.

<u>COUNT 1</u>
VIOLATIONS OF 47 USC §227 AND C.F.R. § 64.1200

45.    Representative Plaintiff realleges and incorporates Paragraphs 1 through 36 above as if fully set forth herein.

46.    The TCPA requires that all persons who send advertisements to fax machines must include an Opt-Out Notice fully compliant with FCC regulations enacted pursuant to the TCPA found at 47 C.F.R. 64.1200(a)(3)(iii) and (iv).

47.    As a result of the foregoing, any members of the proposed Class who received a facsimile from Defendants that did not include a fully compliant Opt-Out Notice are entitled to $500.00 in damages for each fax transmission in violation of the TCPA pursuant to 47 U.S.C.§227(b)(3)(B).

<u>COUNT 2</u>
<u>TREBLE DAMAGES</u>

48.    Representative Plaintiff realleges and incorporates Paragraphs 1 through 42 above as if fully set forth herein.

10

49. Defendants' actions willfully or knowingly violated the Telephone Consumer Protection Act.

50. As a result of the foregoing, the Court may, in its discretion, increase the amount of the statutory damages up to an amount equal to $1,500.00 per TCPA violation pursuant to 47 U.S.C.§227(b)(3)(C).

51. The Court should use its discretion to increase the amount of statutory damages to an amount equal to $1,500.00 per TCPA violation due to the Defendants' willful or knowing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff respectfully prays for the following relief:

a. That the court enters an Order certifying the claims of the Representative Plaintiff and all other persons similarly situated as class action claims. set forth regarding Counts 1 and 2 as provided by Ark. R. Civ. P. 23;

b. Pursuant to Count 1, that the Court enter judgment in favor of Representative Plaintiff and the proposed Class against Defendants, in an amount of $500.00 for each fax transmission in violation of the Telephone Consumer Protection Act;

c. Pursuant to Count 2, that the Court find that Defendants willfully or knowingly violated the Telephone Consumer Protection Act and increase the statutory damages against the Defendants to a total of $1,500.00 for each and every fax transmission in violation of the Telephone Consumer Protection Act;

d. Trial by jury as to all issues so triable; and

11

e.    That the Representative Plaintiff and the members of the proposed Class be

granted such other and further relief as is just and equitable under the circumstances.

Respectfully submitted,

Alex G. Streett (65038)
James A. Streett (2007092)
STREETT LAW FIRM, P.A.
107 West Main
Russellville, AR 72801
(479) 968-2030
Alex@StreettLaw.com
James@StreettLaw.com

Joe P. Leniski, Jr. (TN Bar No. 22891)(PHV)
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 2nd Avenue North, 4th Floor
Nashville, TN 37201
(615) 254-8801
jleniski@branstetterlaw.com

Attorneys for Plaintiff

12

11-17-2015 16:23          603-628-8454                              G 1/1

# DOCTORDIRECTORY.COM  physician bulletin system

ANTHONY DAVIS, MD

**STUDY TOPIC:**    Short Study on Complimentary Alternative Medicine

**HONORARIUM:**    $15

**TIME TO COMPLETE:**    2 Minutes

Since study quotas can fill quickly, we recommend that you **respond as soon as possible** in order to maximize your opportunity for participation.

Go to: **http://www.DDstudy.com** then enter your project code and access key

**PROJECT CODE:** PG2176F1     **ACCESS KEY:** GZZJ724

---

**TECHNICAL PROBLEMS?**

This invitation is specifically for the person named above. If you are not the person named above and you are interested in completing this study please call us at 800-497-9907 so we may determine your eligibility.

If you experience difficulty logging into or participating in this study, please call our Physician Relations team at 800-497-9907.

**HONORARIUM PAYMENT**

This survey may include a few screener questions to confirm you meet the criteria for this study. All participants will be paid once for survey completion.

---

This message has been sent to you from DoctorDirectory.com, LLC Market Research Services. If you wish to be excluded from future research survey invitations by fax, please check the box indicating the reason from the choices offered below & fax back to us at 800-820-8434.

☐ Please remove this **provider** from faxed invitations to this number. (Please check this box if this fax number represents more than one provider and other providers would like to continue to receive invitations to studies that pay cash honoraria)

☐ Please remove this **fax number** from future invitations

Or you may call 888-796-4491, ext 500. If you call, please remember to specify if you want the fax number or provider removed and leave the physician's name, fax number and the Project Code and Access Key indicated above

