IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| DAVIS NEUROLOGY, P.A. on behalf of itself and all other entities and persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DOCTORDIRECTORY.COM, LLC, EVERYDAY HEALTH, INC. and JOHN DOES 1-10, intending to refer To those persons, corporations or other legal Entities that acted as agents, consultants, Independent contractors or representatives, <br><br> Defendants. | CASE NO.  4:16-cv-00095-BSM <br><br> Chief Judge Brian S. Miller |

## DEFENDANT EVERYDAY HEALTH, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT

Everyday Health, Inc. (Defendant), by and through its attorneys, Bryan Cave LLP, hereby answers the First Amended Class Action Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Davis Neurology, P.A. is business offering services in Arkansas. The business is located at 220 North Phoenix Avenue, Russellville, AR 72801. Hereinafter, Davis Neurology, P.A. will be referred to as "Representative Plaintiff."

**ANSWER:**   Defendant states that the allegations in Paragraph 1 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant states that it is without sufficient information to admit or deny the allegations contained in Paragraph 1.

2.      Defendant DoctorDirectory.com, LLC, (hereinafter, "Doctor Directory") is, upon information and belief, a for-profit North Carolina Corporation, organized under Delaware Law,

having a registered agent address of 327 Hillsborough Street Raleigh, NC 27603. It also has a principle office address of 1 Page Avenue Suite 280, Asheville, NC.

**ANSWER:**    Defendant states that the allegations in Paragraph 2 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant admits that Doctor Directory is a for-profit limited liability company organized under Delaware law with offices in North Carolina and with a principle office address of 1 Page Avenue Suite 280, Asheville, NC.  Defendant denies the remaining allegations in Paragraph 2.

3.      Defendant Everyday Health, Inc. (hereinafter, "Everyday Health") is, upon information and belief, a for-profit New York Corporation, with an address of 345 Hudson Street 16th Floor New York, NY 10014 and a service of process address of C/O Corporation Service Company, 80 State St., Albany, NY, 12207-2543.

**ANSWER:**    Defendant admits that it is a for-profit corporation organized under Delaware law with offices in New York and with a principle office address of 345 Hudson Street 16th Floor New York, NY 10014.  Defendant denies the remaining allegations in Paragraph 3.

4.      Defendants John Does 1-10 represent those persons, corporations, or other legal entities that acted as agents, consultants, independent contractors or representative of Doctors Directory/Everyday Health and/or who assisted Doctors Directory/Everyday Health in creating, publishing, broadcasting and faxing the document received on the fax machine by Representative Plaintiff whose identities at this time are unknown but will be substituted by amendment when ascertained.

**ANSWER:**   Defendant states that the allegations in Paragraph 4 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 4.

5.     The claims of the class of persons represented by the Representative Plaintiff arise pursuant to the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter, "TCPA").

**ANSWER:**   Paragraph 5 contains conclusions of law to which no admission or denial is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 5.

6.     This Court has jurisdiction over this action pursuant to Ark. Code Ann. §16-4-101 et seq. This Court has jurisdiction over the Defendants because at all relevant times, they conducted business in Arkansas.

**ANSWER:**   Paragraph 6 contains conclusions of law to which no admission or denial is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 6.

7.     Venue is proper in this County pursuant to Ark. Code Ann. §16-55-213, et seq., in that the plaintiff is has its principal place of business in and does conduct business in this County.

**ANSWER:**   Paragraph 7 contains conclusions of law to which no admission or denial is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 7.

## FACTUAL ALLEGATIONS

8.     The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code.  47 U.S.C. § 227 was last amended in 1994.  In pertinent part, 47 U.S.C. § 227(b) provides "It shall be unlawful for any person within the United

States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

**ANSWER:**    Defendant states that the allegations in Paragraph 8 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant states that the TCPA is a statute that speaks for itself, and therefore, no admission or denial is required of Defendant.  Answering further, Defendant denies any wrongdoing.

9.      In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

**ANSWER:**    Defendant states that the allegations in Paragraph 9 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant states that 47 C.F.R. § 64.1200 speaks for itself, and therefore, no admission or denial is required of Defendant.   Answering further, Defendant denies any wrongdoing.

10.      As used in both 47 U.S.C. § 227 and 47 C.F.R. 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." (47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5))

**ANSWER:**    Defendant states that the allegations in Paragraph 10 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant states that 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(a) speak for

themselves, and therefore, no admission or denial is required of Defendant.  Answering further,

Defendant denies any wrongdoing.

11.     Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

**ANSWER:**     Defendant states that the allegations in Paragraph 11 do not contain factual

allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a

response is required, Defendant states that the TCPA is a statute that speaks for itself, and

therefore, no admission or denial is required of Defendant.  Answering further, Defendant denies

any wrongdoing.

11. [sic]     Representative Plaintiff has, and at all relevant times had, telephone service at

479.880.0101 and fax service at 479.880.0118 for its offices located at 220 North Phoenix

Avenue, Russellville, AR 72801 in Pope County, Arkansas. Representative Plaintiff receives

facsimile transmissions ("faxes") at that number, using a telephone facsimile machine ("fax

machine"). DoctorsDirectory.com is a for-profit "privately-held, multi-channel, pharmaceutical

marketing services company" that targets the healthcare industry, collects personal contact and

internet usage data (i.e. "cookies") from users through the use of market research surveys and

other collection means, and then uses this information to "deliver customized advertising to [users] on this Site, on the Services and on other digital and offline media channels."

**ANSWER:**   Defendant states that the allegations in Paragraph 11 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant states that it is without sufficient information to admit or deny the allegations contained in Paragraph 11.

12.     By accessing or using any part of DoctorsDirectory.com, users agree to the Medical Professional User Agreement and Privacy Policy posted on that website, which make it clear that the website's purpose is the collection of user data to use for marketing purposes.[1]

**ANSWER:**   Paragraph 12 contains conclusions of law to which no admission or denial is required.  To the extent an answer is required, Defendant states that the allegations in Paragraph 13 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant states that the website speaks for itself.  Answering further, Defendant states that it is without sufficient information to admit or deny the allegations contained in Paragraph 12.

13.     DoctorsDirectory.com markets a numbers of services to assist it in the collection of user contact and internet usage data, including tools, applications, email, direct mail, phone calls, faxes, text messages, bulletin and message boards, chat areas, news groups, forums, communities, calendars and downloadable mobile applications related to the Site or provided through the Site."

**ANSWER:**   Defendant states that the allegations in Paragraph 13 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant states that it is without sufficient information to admit or deny

---

[1] https://www.doctordirectory.com/hcp/physician/hcpro-privacy.aspx and
https://www.doctordirectory.com/HCP/physician/hcpro-termsofuse.aspx

the allegations contained in Paragraph 13.  Answering further, Defendant states that the website speaks for itself.

14.     DoctorDirectory.com also shares with third-party advertisers users' personal information personal information (such as name, specialty, NPI number, and country of residence) and users' internet usage data and cookies, but disclaims that it "not control these advertisers or other parties' use of cookies or web beacons or what they do with the information they collect."

**ANSWER:**     Defendant states that the allegations in Paragraph 14 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant states that it is without sufficient information to admit or deny the allegations contained in Paragraph 14.  Answering further, Defendant states that the website speaks for itself.

15.     DoctorDirectory.com discloses that it will "sometimes gather Personal Information on behalf of a sponsor in association with an offer or promotion," and that when users participate in a survey, they may provide the users' personal information and registration data "to third parties including the survey sponsor or the promotion sponsor."

**ANSWER:**     Defendant states that the allegations in Paragraph 15 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant states that it is without sufficient information to admit or deny the allegations contained in Paragraph 15.  Answering further, Defendant states that the website speaks for itself.

16.     User information collected includes, but is not limited to name, password, postal address, degree, specialty, e-mail address, phone number, fax number, State of Licensure, NPI,

DEA, AMA and/or ME Number, affiliations, conditions treated, health plans, languages spoken and demographic information.

**ANSWER:**   Defendant states that the allegations in Paragraph 16 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant states that it is without sufficient information to admit or deny the allegations contained in Paragraph 16.  Answering further, Defendant states that the website speaks for itself.

17.   Once DoctorDirectory.com successfully solicits and [sic] individual to its site, including through faxes such as the one at bar, it uses the personal contact and internet usage information it collects to send users  "promotional/marketing information, newsletters, research opportunities,  pharmaceutical  product  and  clinical  information,  opportunities  to  request authorized  pharmaceutical  samples,  medical  education  opportunities  and  other  offers  and information regarding opportunities and functionality that we think would be of particular interest to" the particular user," which it delivers through "email messages, online messaging, faxes, texts, telephone, and/or direct mail."

**ANSWER:**   Defendant states that the allegations in Paragraph 17 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant states that it is without sufficient information to admit or deny the allegations contained in Paragraph 17.  Answering further, Defendant states that the website speaks for itself.

18.   The Medical Professional User Agreement and Privacy Policy states that "Each time you visit the Site or use the Services, you agree and expressly consent to our collection, use and disclosure of the information that you provide as described in this Policy."

**ANSWER:**    Defendant states that the allegations in Paragraph 18 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant states that it is without sufficient information to admit or deny the allegations contained in Paragraph 18.

19.    Alan Shapiro is the President of Doctors Directory. His LinkedIn page says he is also the Executive Vice President, General Counsel & Chief Privacy Officer at Everyday Health, Inc.

**ANSWER:**    Defendant states that the allegations in Paragraph 19 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant states that it is without sufficient information to admit or deny the allegations contained in Paragraph 19.  Answering further, Defendant states that the LinkedIn Page speaks for itself.

20.    According to Doctor Directory's Application for Certificate of Authority for Limited Liability company, Alan Shapiros' business address is 345 Hudson Street 16th Floor New   York,   NY   10014,   which   is   the   same   address   for   Everyday   Health. https://www.linkedin.com/in/alan-shapiro-96303968

**ANSWER:**    Defendant states that the allegations in Paragraph 20 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant states that the website speaks for itself.  Answering further, Defendant admits that its address is 345 Hudson Street 16th Floor New York, NY 10014 but is without sufficient information to admit or deny the remaining allegations contained in Paragraph 20.

21.     When one clicks on the "about us" link at the bottom of the www.DoctorsDirectory.com, the visitor is taken to another page where Everyday Health is referenced.

**ANSWER:**     Defendant states that the allegations in Paragraph 21 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a response is required, Defendant states that it does not know what Plaintiff means by "referenced" and, therefore, cannot respond to the allegations contained in Paragraph 21. Answering further, Defendant states that its website speaks for itself and that it is without sufficient information to admit or deny the remaining allegations contained in Paragraph 21.

22.     Everyday Health, Inc. operates a website substantially similar to DoctorDirectory.com in that it advertises products or services, and provides "marketers with a trusted platform to promote their offerings to consumers and healthcare professionals, including a suite of customized marketing solutions that utilize our database to target their desired audience."

**ANSWER:**     In response to the allegations in Paragraph 22, Defendant states that it does not know what Plaintiff means by the phrase "substantially similar" and, therefore, cannot respond to the allegations contained in Paragraph 22.  To the extent a response is required, Defendant denies the allegations in Paragraph 23.

23.     In 2014, Everyday Health, Inc. announced that it was acquiring DoctorDirectory in order to "accelerate our strong momentum in the professional market by significantly increasing our physician reach and enhancing the sophisticated ROI [return on investment]-based marketing solutions we offer advertisers seeking to engage with healthcare professionals."

**ANSWER:**    Defendant admits that Paragraph 23 accurately quotes one sentence from a press release in 2014 but denies that the allegations in Paragraph 23 provide an accurate description of its business.

24.    Doctors Directory and Everyday Health jointly participated in creating and transmitting the fax.

**ANSWER:**    In response to the allegations contained in Paragraph 24, Defendant states that it does not know what Plaintiff means by the phrases "creating and transmitting" and "the fax" and, therefore, cannot respond to the allegations contained in Paragraph 24.  To the extent a response is required, Defendant denies the allegations in Paragraph 24.

25.    On or about November 17, 2015, Representative Plaintiff received on its fax machine a fax transmission from Defendants requesting that Plaintiff access Defendants website to participate in a study in return for $15 Honorarium.

**ANSWER:**    In response to the allegations contained in Paragraph 25, Defendant states that it is without knowledge, information, or belief to admit or deny the allegations contained in Paragraph 25, and therefore, denies same.

26.    Although the fax may attempts [sic] to makes it appear as though its primary purpose is is clinical research and providing a $15 Honorarium in exchange for participation in a survey, the Medical Professional User Agreement and Privacy Policy makes it clear that the survey offered in the fax is a mere pretext for advertising the commercial availability or quality of DoctorDirectory's services, and the collection of users' private information for the use in commercial advertising.

**ANSWER:**    Defendant states that the allegations in Paragraph 26 do not contain factual allegations that are directed to Defendant.  Therefore, no response is required.  To the extent a

response is required, Defendant admits that the primary purpose of the fax attached to the First Amended Class Action Complaint as Exhibit A is clinical research a $15 Honorarium is provided in exchange for participation in a survey. Defendant denies the remaining allegations in Paragraph 26.

27.    The fax received by Representative Plaintiff from Defendants on or about November 17, 2015 was wholly unsolicited. A true and correct copy of this fax advertisement is attached hereto as Exhibit A.

**ANSWER:**    Paragraph 27 contains conclusions of law to which no admission or denial is required. To the extent a response is required, Defendant states that it is without knowledge, information, or belief to admit or deny the allegations contained in Paragraph 27, and therefore, denies same.

28.    Exhibit A does not contain an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv).

**ANSWER:**    Paragraph 28 contains conclusions of law to which no admission or denial is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 28.

29.    Exhibit A does not contain an Opt-Out Notice stating that sender's failure to comply within 30 days to a request to stop sending such faxes is unlawful.

**ANSWER:**    Paragraph 29 contains conclusions of law to which no admission or denial is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 29.

30.    Defendants, and/or its [sic] employees and/or its [sic] agents, created Exhibit A and had the capability to control the contents thereof.

**ANSWER:**   Defendant denies the allegations in Paragraph 30.

31.   Defendants, and/or its [sic] employees and/or its [sic] agents, determined the fax telephone numbers to which Exhibit A was sent to the Representative Plaintiff and other recipients.

**ANSWER:**   Defendant denies the allegations in Paragraph 31.

32.   Upon information and belief, Defendants sent fax transmissions of Exhibit A to hundreds, if not thousands, of telephone facsimile machines located in Arkansas and other States offering their business.

**ANSWER:**   Defendant denies the allegations in Paragraph 32.

33.   Said transmissions of Exhibit A were made for the purpose of advertising the commercial availability of goods and services available from Defendants.

**ANSWER:**   Defendant denies the allegations in Paragraph 33.

34.   Representative Plaintiff further alleges that in each instance Defendants did so willfully or knowingly.

**ANSWER:**   Defendant denies the allegations in Paragraph 34.

35.   Plaintiff further alleges on information and belief that in each instance Defendants had actual notice of participation, or a high degree of involvement, in a plan to transmit unsolicited advertisements to telephone facsimile machines (by, for example, knowing the that the transmitted faxes were advertisements or participating in preparing their content, providing or obtaining the fax telephone number of Representative Plaintiff or other recipients, and knowing that Plaintiff or other recipients had not authorized the faxes' transmission by prior express invitation or permission).

**ANSWER:**   Defendant denies the allegations in Paragraph 35.

36.     Representative Plaintiff therefore alleges that defendants violated 47 U.S.C. § 227 and 47 C.F.R. § 64.1200.

**ANSWER:**    Defendant denies the allegations in Paragraph 36.

**CLASS ACTION REGARDING SIMILARLY SITUATED PLAINTIFFS**

37.     Pursuant to Ark. R. Civ. P. 23, Representative Plaintiff brings this action on behalf of a Class of individuals defined as follows:

> All persons, natural or otherwise, in the United States and its territories who received one or more unsolicited facsimile transmissions from Defendants advertising goods and services for a commercial purpose with content substantially similar to that contained in Exhibit A during the period from January 21, 2012 through the present.

Excluded from the Class are: (1) Doctor Directory and Everyday Health and any entity in which Doctor Directory and/or Everyday Health have a controlling interest, and their legal representatives, officers, directors, assignees, and successors, and any co-conspirators; and (2) any judge or justice to whom this action is assigned, together with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person.

**ANSWER:**    Paragraph 37 and all subparagraphs contained therein purport to summarize a class that Plaintiff seeks to represent, to which no admission or denial is required. To the extent an answer is required, Defendant denies same.

38.     Upon information and belief, Representative Plaintiff alleges that noncompliant facsimile advertisements sent on behalf of the Defendants to advertise their products and services have been transmitted to hundreds, if not thousands, of telephone facsimile machines in Arkansas and, presumably, other states through an intentional and persistent course of conduct. Each such transmission constitutes a separate violation of the TCPA. Because the Class members are dispersed and are believed to number in the hundreds if not thousands, individual joinder is

impractical in satisfaction of Fed. R. Civ. P. 23(a)(1). The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and to the Court.

**ANSWER:**   Paragraph 38 contains conclusions of law to which no admission or denial is required.   To the extent a further response is required, Defendant denies the allegations contained in Paragraph 38.

39.   Representative Plaintiffs claims are typical of the claims. of the Class, as required by Fed. R. Civ. P. 23(a)(3), in that Representative Plaintiff received an unsolicited facsimile advertisement from Defendants advertising goods and services for a commercial purpose during the proposed Class Period.

**ANSWER:**   Paragraph 39 contains conclusions of law to which no admission or denial is required.   To the extent a further response is required, Defendant denies the allegations contained in Paragraph 39.

40.   The factual and legal bases of Defendant's [sic] misconduct are common to all members of the Class and represent a common cause of injury to Representative Plaintiff and the Class members.

**ANSWER:**   Paragraph 40 contains conclusions of law to which no admission or denial is required.   To the extent a further response is required, Defendant denies the allegations contained in Paragraph 40.

41.   Numerous questions of law and fact are common to the Class and predominate over questions affecting only individual Class members, as required by Fed. R. Civ. P. 23(a)(2) and 23(b)(3). Such common questions including, but are not limited to:

   i.   Whether Defendants had a business practice of sending unsolicited facsimile
        advertisements for its commercial goods and services in violation of the TCPA;

ii.     Whether the unsolicited facsimile advertisements sent by Defendants contained an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv);

iii.     Whether Defendants harmed Representative Plaintiff and the Class;

iv.     Whether Representative Plaintiff and the Class are entitled to compensatory damages and, if so, in what amount;

v.     Whether Representative Plaintiff and the Class are entitled to additional statutory damages and, if so, in what amount; and

vi.     Whether Representative Plaintiff and the Class are entitled to equitable and/or injunctive relief.

**ANSWER:**     Paragraph 41 contains conclusions of law to which no admission or denial is required.   To the extent a further response is required, Defendant denies the allegations contained in Paragraph 41.

42.     Representative Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct by Defendants and the relief sought is common.

**ANSWER:**     Paragraph 42 contains conclusions of law to which no admission or denial is required.   To the extent a further response is required, Defendant denies the allegations contained in Paragraph 42.

43.     The Class is ascertainable, as the Class is defined using objective criteria and Class Members who received unsolicited facsimile advertisements from Defendants are easily identifiable based on existing telephone records.

**ANSWER:**     Paragraph 43 contains conclusions of law to which no admission or denial is required.   To the extent a further response is required, Defendant denies the allegations contained in Paragraph 43.

44.     Representative Plaintiff will fairly and adequately represent and protect the interests of the Class, as required by Fed. R. Civ. P. 23(a)(4). Moreover, Representative Plaintiff

has retained counsel with substantial experience in the prosecution of nationwide class actions. Representative Plaintiff and his counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so. Neither Representative Plaintiff nor its counsel has any interests adverse to those of the Class.

**ANSWER:**   Defendant lacks sufficient information to admit or deny whether Representative Plaintiff and his counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so and whether Representative Plaintiff or its counsel has any interests adverse to those of the Class.   Defendant denies the remaining allegations in Paragraph 44.

## COUNT 1

## VIOLATIONS OF 47 USC §227 AND C.F.R. § 64.1200

45.   Representative Plaintiff realleges and incorporates Paragraphs 1 through 36 above as if fully set forth herein.

**ANSWER:**   Defendant incorporates by reference its responses to the allegations set forth in Paragraphs 1-36 of Plaintiff's First Amended Class Action Complaint as though fully set forth herein.

46.   The TCPA requires that all persons who send advertisements to fax machines must include an Opt-Out Notice fully compliant with FCC regulations enacted pursuant to the TCPA found at 47 C.F.R. 64.1200(a)(3)(iii) and (iv).

**ANSWER:**   Paragraph 46 of Plaintiff's First Amended Class Action Complaint contains conclusions of law to which no admission or denial is required.

47.   As a result of the foregoing, any members of the proposed Class who received a facsimile from Defendants that did not include a fully compliant Opt-Out Notice are entitled to

$500.00 in damages for each fax transmission in violation of the TCPA pursuant to 47 U.S.C.§227(b)(3)(B).

**ANSWER:**   Defendant denies the allegations in Paragraph 47.

## COUNT 2

## TREBLE DAMAGES

48.     Representative Plaintiff realleges and incorporates Paragraphs 1 through 42 above as if fully set forth herein.

**ANSWER:**   Defendant incorporates by reference its responses to the allegations set forth in Paragraphs 1-42 of Plaintiff's First Amended Class Action Complaint as though fully set forth herein.

49.     Defendants' actions willfully or knowingly violated the Telephone Consumer Protection Act.

**ANSWER:**   Defendant denies the allegations in Paragraph 49.

50.     As a result of the foregoing, the Court may, in its discretion, increase the amount of the statutory damages up to an amount equal to $1,500.00 per TCPA violation pursuant to 47 U.S.C. §227(b)(3)(C).

**ANSWER:**   Paragraph 50 of Plaintiff's First Amended Class Action Complaint contains conclusions of law to which no admission or denial is required.

51.     The Court should use its discretion to increase the amount of statutory damages to an amount equal to $1,500.00 per TCPA violation due to the Defendants' willful or knowing conduct.

**ANSWER:**   Defendant denies the allegations in Paragraph 51.

334482                                         18

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Representative Plaintiff respectfully prays for the following relief:

a.        That the court enters an Order certifying the claims of the Representative Plaintiff and all other persons similarly situated as class action claims. set forth regarding Counts 1 and 2 as provided by Ark. R. Civ. P. 23;

b.        Pursuant to Count 1, that the Court enter judgment in favor of Representative Plaintiff and the proposed Class against Defendants, in an amount of $500.00 for each fax transmission in violation of the Telephone Consumer Protection Act;

c.        Pursuant to Count 2, that the Court find that Defendants willfully or knowingly violated the Telephone Consumer Protection Act and increase the statutory damages against the Defendants to a total of $1,500.00 for each and every fax transmission in violation of the Telephone Consumer Protection Act;

d.        Trial by jury as to all issues so triable; and

e.        That the Representative Plaintiff and the members of the proposed Class be granted such other and further relief as is just and equitable under the circumstances.

**ANSWER:**    This paragraph contains Plaintiff's request for statutory to which no admission or denial is required.  To the extent is it read to assert that Plaintiff has stated any viable claims for relief, Defendant denies the allegations therein, and denies that Plaintiff is entitled to any relief.

Dated:  March 2, 2016                              Respectfully submitted,

By:   */s/  Maria Z. Vathis*
Maria Z. Vathis (*admitted Pro Hac Vice*)
Illinois State Bar No. 6276866
BRYAN CAVE LLP
161 N. Clark Street, Suite 4300
Chicago, Illinois 60601
Tel:  (312) 602-5000
E-mail: maria.vathis@bryancave.com

By:   */s/  David A. Zetoony*
David A. Zetoony (*admitted Pro Hac Vice*)
Colorado State Bar No. 48108
BRYAN CAVE LLP
1801 13th Street, Suite 300
Boulder, Colorado 80304
Tel :  (202) 508-6030
E-mail : David.Zetoony@bryancave.com

ATTORNEYS FOR DEFENDANTS
DOCTORDIRECTORY.COM, LLC AND
EVERYDAY HEALTH, INC.

334482                                   20

## AFFIRMATIVE AND OTHER DEFENSES

Defendant specifically reserves its right to amend this Answer to allege further affirmative defenses that it may have against Plaintiff, the putative class, and/or any subclasses, if any is certified.  The Court has not certified a class, and therefore, the putative class members are not parties to this action.  Defendant further reserves the right to amend this Answer if additional defenses become apparent during the course of this litigation.  Notwithstanding the foregoing and without waiving its right to assert additional defenses, Defendant alleges these affirmative defenses that it now knows to be applicable to Plaintiff's causes of action and all or some of those of the putative class members.  As and for its separate and independent affirmative and other defenses in this action, and without conceding that it bears the burden of proof or persuasion as to any affirmative or other defense, Defendant states as follows:

1.      Defendant is a not a proper party to this action.

2.      The First Amended Class Action Complaint fails to state a claim upon which relief can be granted.  Specifically, the clinical research exception to 47 U.S.C. §227 ("TCPA") bars the claim.  *Ameriguard, Inc. v. Univ. of Kansas Med. Center Research Institute*, 222 Fed. Appx. 530 (8th Cir. 2007); *Phillips Randolph Enterprises, LLC v. Adler-Warren Research Clinic, Inc.*, 526 F. Supp. 851 (N.D. Ill. 2007).

3.       Plaintiff's claims are barred by the doctrines of unclean hands, waiver and estoppel.

4.      To the extent Plaintiff has failed to mitigate his damages, its claim for damages is barred or subject to reduction.

5.     Plaintiff's claims are barred in whole or in part because Plaintiff and some or all of the purported class members lack standing to assert the alleged claims against Defendant.

Dated:  March 2, 2016                         Respectfully submitted,


By:  */s/  Maria Z. Vathis*                    
Maria Z. Vathis (*admitted Pro Hac Vice*)
Illinois State Bar No. 6276866
BRYAN CAVE LLP
161 N. Clark Street, Suite 4300
Chicago, Illinois 60601
Tel:  (312) 602-5000
E-mail: maria.vathis@bryancave.com

By:  */s/  David A. Zetoony*                    
David A. Zetoony (*admitted Pro Hac Vice*)
Colorado State Bar No. 48108
BRYAN CAVE LLP
1801 13th Street, Suite 300
Boulder, Colorado 80304
Tel :  (202) 508-6030
E-mail : David.Zetoony@bryancave.com

ATTORNEYS FOR DEFENDANTS
DOCTORDIRECTORY.COM, LLC AND
EVERYDAY HEALTH, INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 2, 2016, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

/s/  *Maria Z. Vathis*
Maria Z. Vathis (*admitted Pro Hac Vice*)
Illinois State Bar No. 6276866
BRYAN CAVE LLP
161 N. Clark Street, Suite 4300
Chicago, Illinois 60601
Tel:  (312) 602-5000
E-mail: maria.vathis@bryancave.com