## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| DAVIS NEUROLOGY, P.A. on behalf of itself and all other entities and persons similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>DOCTORDIRECTORY.COM, LLC, et. al, )<br><br>Defendants. ) | CASE NO.  4:16-cv-00095-BSM<br><br>Chief Judge Brian S. Miller |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION TO STAY LITIGATION
<u>PENDING DECISION BY THE UNITED STATES SUPREME COURT</u>**

337919

## INTRODUCTION AND BACKGROUND

In its First Amended Class Action Complaint, Plaintiff alleges that it received a fax on November 17, 2015, describing a research study concerning alternative medicine (the "Research Fax"). (Dkt. No. 3, Amd. Compl. at ¶ 25). Plaintiff seeks to be compensated under the TCPA for an alleged technical violation of the statute even though it never experienced any actual injury. (*Id.* at ¶¶ 45-47; 48-51). Defendants Doctordirectory.com, LLC and Everyday Health, Inc. respectfully move the Court to stay this action until the United States Supreme Court issues its ruling in *Spokeo Inc. v. Robins*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2015). As discussed below, the decision in *Spokeo* will determine whether the "case or controversy" requirement of Article III is met where, as here, a plaintiff has not suffered any concrete harm but alleges only a bare statutory violation. Because the Supreme Court's decision could decide the outcome of this case, and to preserve the time and resources of the Court and the parties, Defendants respectfully request a short stay of the litigation pending a ruling in *Spokeo*.

The circuits have split as to whether statutory standing alone satisfies Article III's standing requirement. The Ninth Circuit in *Spokeo*, as well as several other circuits, held that a plaintiff is permitted to maintain a lawsuit based only on a statutory violation even if it has not suffered any "injury-in-fact." *See, e.g., Spokeo Inc. v. Robins*, 742 F.3d 409, 413-414 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2015), *Fontenot v. McCraw*, 777 F.3d 741, 746 (5th Cir. 2015) ("…the maintenance of accurate DPS driving records is a cognizable interest the invasion of which confers standing"); *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 705-07 (6th Cir. 2009) (plaintiff permitted to proceed with claim under the Fair Credit Reporting Act, 15 U.S.C. §1681 ("FCRA"), despite lack of injury); *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) (statutory damages are available under the FCRA "without proof of injury");

*Hammer v. Sam's East, Inc.*, 754 F.3d 492, 499 (8th Cir. 2014) (customers had Article III standing to bring claim based on a statutory violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681c(g)(1)).

In contrast, other circuits have held that the mere deprivation of a statutory right is not sufficient to confer Article III standing. *See, e.g.*, *Kendall v. Employees Retirement Plan of Avon. Prods.*, 561 F.3d 112, 121 (2d Cir. 2009) (rejecting argument that deprivation of entitlement to fiduciary duty in ERISA matter constitutes an "injury-in-fact" for purposes of standing); *Doe v. Nat'l Bd. of Medical Examiners*, 199 F.3d 146, 153 (3d Cir. 1999) ("The proper analysis of standing focuses on whether the plaintiff suffered an actual injury, not on whether a statute was violated…Congress…cannot confer standing by statute alone."); *David v. Alphin*, 704 F.3d 327, 338-39 (4th Cir. 2013) (finding that the mere deprivation of a statutory right is not sufficient to constitute an injury-in-fact for purposes of Article III standing in an ERISA matter); *see also Raines v. Byrd*, 521 U.S. 811, 820, n.3 (1997) ("It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.").

To resolve this circuit split, the Supreme Court granted certiorari in *Spokeo* on April 27, 2015 to address the following question:

> Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.

*See Spokeo, Inc. v. Robins*, 13-1339, "Question Presented," available at http://www.supremecourt.gov/qp/13-01339qp.pdf (last visited March 24, 2016). Although *Spokeo* involves an alleged violation of the FCRA, the Supreme Court's resolution of the question presented in *Spokeo* will be directly applicable to this case. Just as in *Spokeo*, the

Plaintiff in this case has not suffered any actual damages. *See* Dkt. No. 3, Amd. Compl. at ¶ 25. If the Supreme Court rules that a plaintiff without any actual harm lacks standing under Article III to sue, Plaintiff's claim in this case should be dismissed. As a result, a short stay of these proceedings pending the Supreme Court's decision in *Spokeo* is prudent to avoid the potential unnecessary expenditure of resources by this Court and by the parties. Given the potentially dispositive effect of the decision of *Spokeo* on this lawsuit, Defendants respectfully request that this Court exercise its inherent power and stay all proceedings in this case, including discovery, pending the Supreme Court's resolution of the constitutionality of Article III standing.

## **ARGUMENT**

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936), is the seminal case on the standard for a litigation stay. In *Landis*, the Supreme Court held that a district court may stay an action before it pending the disposition of other litigation, and that this power and discretion is broad enough to encompass situations where the parties and issues are not identical. *See Landis*, 299 U.S. at 254-55. In deciding whether to stay litigation, a court "must weigh competing interests and maintain an even balance." *Id*. The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 245. In determining whether a stay of this litigation is warranted, the Court should consider such factors as: (1) the potential prejudice to the Plaintiff; (2) the hardship and inequity to the Defendants if the action is not stayed; and (3) whether the stay serves the interests of judicial economy and efficiency. *See Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 WL 1539325, at *1 (W.D. Ark. May 25, 2007), *citing Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997).

District courts around the nation have determined that a stay of TCPA litigation pending a ruling in *Spokeo* satisfies the three factors and is appropriate. *See, e.g., Williams v. Elephant*

*Ins. Co.*, No. 1:15-cv-00119-GBL-TCB, 2015 WL 3631691, at *1 (E.D. Va. May 27, 2015) (court granted motion for stay of TCPA action pending the Supreme Court's ruling in *Spokeo*); *Boise v. ACE USA, Inc.*, No. 15-Civ-21264, 2015 WL 4077433, at *2 (S.D. Fla. July 6, 2015) (same); *Duchene v. Westlake Services,* LLC, No. 2:13-cv-01577, 2015 WL 5947669, at *4 (E.D. Pa. Oct. 13, 2015) (same); *Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. and Annuity Co.*, CV 15-04767-AB, 2015 WL 6579779, at *2 (C.D. Cal. Oct. 19, 2015) (same); *Luster v. Sterling Jewelers*, No. 1:15-cv-2854, 2015 WL 9255553, at *3 (N.D. Ga. Dec. 17, 2015) (same); *Telephone Science Corp. v. Asset Recovery Solutions,* LLC, No. 15 C 5182, 2016 WL 47916, at *5-*6 (N.D. Ill. Jan. 5, 2016) (same); *Hannahan Endodontic Grp. V. Inter-Med, Ind.*, No. 15-C-1038, 2016 WL 270224, at *1 (E.D. Wis. Jan. 20, 2016) (same); *Rodriguez v. DFS Services, LLC*, No. 8:15-cv-2601-T-30TBM, 2016 WL 369052, at *3 (M.D. Fla. Feb. 2, 2016) (same); *Compresso*r *Engineering Corp. v. Thomas*, No. 10-10059, 2016 WL 438963, at *6 (E.D. Mich. Feb. 3, 2016) (same); *Figueroa v. Carrington Mortgage Services* LLC, No. 8:15-cv-2414-T-24-TGW, 2016 WL 718289 (M.D. Fla. Feb. 22, 2016) (same); *Mey v. Got Warranty, Inc., et al.*, No. 5:15-cv-101, 2016 WL 1122092 (N.D. W.Va. March 22, 2016) (same). As in other TCPA cases, each of the factors indicates that a stay is appropriate here.

### A.     Plaintiff Will Not Be Prejudiced By A Stay.

The Supreme Court's decision is expected to be rendered in June or July of 2016. *See Mey v. Got Warranty, Inc., et al.*, No. 5:15-cv-101, 2016 WL 1122092, at *3 (N.D. W.Va. March 22, 2016) ("…the Supreme Court's decision [in *Spokeo*] is anticipated by June or July of this year."). If the Supreme Court renders a decision favorable to the Plaintiff, its action will most likely have been delayed an extremely short period of time – *e.g.,* two or three months. Conversely, if the Supreme Court renders a decision that is not favorable to the Plaintiff, it will

5

avoid the needless litigation expense that would have been incurred by motions practice and/or discovery prior to the Supreme Court's decision.

Furthermore, as Plaintiff does not allege any actual harm or compensable injury, and seeks only to vindicate an alleged technical violation of the TCPA that caused no harm, a delay will have little impact on the *status quo* for the Plaintiff.  As other courts have found, in the absence of any actual harm, a short stay of a reasonable duration does not constitute unfair prejudice to Plaintiff.  *See Landis*, 299 U.S. at 256 ("the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted.")

### B. Defendants Will Be Prejudiced If The Case Is Not Stayed.

If a stay is not issued, Defendants intend to file early motions for summary judgment based on other infirmities in the Amended Complaint for which discovery is not needed including, but not limited to, the fact that the TCPA does not apply to faxes sent as part of a research study and that Everyday Health is not a proper party to the litigation.  If Defendants file their summary judgment motions, and the Supreme Court holds in *Spokeo* that a plaintiff that lacks injury-in-fact lacks standing to pursue a statutory violation, leave of Court to amend will likely be sought to add the additional grounds upon which judgment should be granted.  The motion to amend, supplemental briefing on the motion for summary judgment, and supplemental oppositions on the motion for summary judgment, will prejudice both parties by functionally causing the parties to incur the time and expense of two rounds of briefing.  *See, e.g., Pennsylvania State Troopers Ass'n v. Pawlowski*, No. 1:09-CV-1748, 2011 WL 9114, at *1 (M.D. Pa. Jan. 3, 2011) ("it is of no benefit to either party to incur substantial costs litigating an

issue that the Supreme Court may very well determine is not actionable in the course of these proceedings.").

    **C. A Stay Will Conserve This Court's Resources And Serve The Public Interest.**

    The Supreme Court will provide additional guidance on the type of injury required to have standing to pursue claims for purely statutory damages. A stay will serve both the Court and the public by conserving judicial resources pending a ruling from the Supreme Court. For these reasons, courts around the nations have been granting stays in other TCPA cases to allow the Supreme Court to decide the question presented in *Spokeo*, and this Court should follow suit. *See supra*, pp.4-5.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that this Court issue an Order staying all further proceedings in this matter pending the disposition by the Supreme Court of the United States in *Spokeo Inc. v. Robins*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2015).

Dated:  April 13, 2016                                        Respectfully submitted,

                                               By:  */s/  David A. Zetoony*
                                               David A. Zetoony (*admitted Pro Hac Vice)*
                                               Colorado State Bar No. 48108
                                               BRYAN CAVE LLP
                                               1801 13th Street, Suite 300
                                               Boulder, Colorado 80304
                                               Tel :  (202) 508-6030
                                               E-mail : david.Zetoony@bryancave.com

                                               By:  */s/  Maria Z. Vathis*
                                               Maria Z. Vathis (*admitted Pro Hac Vice*)
                                               Illinois State Bar No. 6276866
                                               BRYAN CAVE LLP
                                               161 N. Clark Street, Suite 4300
                                               Chicago, Illinois 60601
                                               Tel:  (312) 602-5000
                                               E-mail: maria.vathis@bryancave.com


                                             ATTORNEYS FOR DEFENDANTS
                                             DOCTORDIRECTORY.COM, LLC AND
                                             EVERYDAY HEALTH, INC.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 13, 2016, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

> /s/  *Maria Z. Vathis*
> Maria Z. Vathis (*admitted Pro Hac Vice*)
> Illinois State Bar No. 6276866
> BRYAN CAVE LLP
> 161 N. Clark Street, Suite 4300
> Chicago, Illinois 60601
> Tel:  (312) 602-5000
> E-mail: maria.vathis@bryancave.com