## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| DAVIS NEUROLOGY, P.A. on behalf of itself and all other entities and persons similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) CASE NO. 4:16-cv-00095-BSM |
| v. | )<br>) Chief Judge Brian S. Miller |
| DOCTORDIRECTORY.COM, LLC, et al., | )<br>) |
| Defendants. | )<br>)<br>) |

**DEFENDANTS DOCTORDIRECTORY.COM, LLC AND
EVERYDAY HEALTH, INC.'S MEMORANDUM IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

336483

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 3

INTRODUCTION .............................................................................................................. 4

STATEMENT OF FACTS ................................................................................................. 6

ARGUMENT ...................................................................................................................... 8

I.      The Applicable Legal Standard ........................................................................ 8

II.     The Research Fax Does Not Fall Within The Scope Of The TCPA ................ 9

        A.     The TCPA Does Not Apply To Informational Faxes. .......................... 9

        B.     The Research Fax Falls Under The Informational Fax Exception. ..... 11

III.    Even if the TCPA Applied to the Research Fax, Plaintiff Has Not Alleged a Concrete and Particularized Injury as Required to Confer Article III Standing to Sue Under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (U.S. 2016)……………………………………………  12

CONCLUSION ................................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Ameriguard v. Univ. of Kansas Med. Ctr. Research Inst.*,
    Case No. 06-0369, 2006 WL 1766812 (W.D. Mo. June 23, 2006) .............................. 8, 9

*Ameriguard, v. Univ. of Kansas Med. Ctr. Research Inst.*,
    222 Fed. Appx. 530 (8th Cir. 2007) ........................................................................... 8, 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 8

*Faibisch v. University of Minn.*, 304 F.3d 797 (8th Cir. 2002) .......................................... 8

*Golan v. Veritas Entertainment, LLC*, 788 F.3d 814 (8th Cir. 2015) .............................. 11

*Hammer v. Sam's East, Inc.*, 754 F.3d 492 (8th Cir. 2014) .............................................. 11

*Hyneman v. King*, 4:13CV00021 BSM, 2014 WL 2009000 (E.D. Ark. May 15, 2014) ................ 8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ......................... 8

*Phillips Randolph Enterprises, LLC v. Adler-Weiner Research Chicago, Inc.*,
    526 F. Supp. 2d 851 (N.D. Ill. 2007) ..................................................................... 8, 9, 10

*Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc.*,
    No. 3:14-CV-405, 2015 WL 144728 (D. Conn. Jan. 12, 2015) ........................................ 9

*Physicians Healthsource, Inc. v. Janssen Pharm*,
    Case No. 12-2132, 2013 WL 486207 (D.N.J. Feb. 6, 2013) ....................................... 9, 11

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (U.S. 2016) ...................................... 6, 8, 12, 13

*Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004) ......................................... 7

*Westcott v. City of Omaha*, 901 F.2d 1486 (8th Cir. 1990) ............................................... 7

**Statutes**

15 U.S.C. §1681c(g)(1) ...................................................................................................... 11

47 U.S.C. §227(a)(5) ........................................................................................................... 8

47 U.S.C. §227(b)(1)(C) ..................................................................................................... 8

**Rules**

Fed. R. Civ. P. 12(c) ........................................................................................................... 7

**Regulations**

*In re the Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*; *Junk Fax Prevention Act of 2005*, 21 F.C.C.R. 3787 (April 6, 2006).......................................................... 8

## INTRODUCTION

On November 17, 2015, the Plaintiff received a fax (the "Research Fax") from Defendants ("DoctorDirectory.com, LLC and/or Everyday Health, Inc.") that simply described a research study concerning alternative medicine.  The Research Fax contained no advertisements, descriptions, or discussions about any product or service offered by Defendants, but simply encouraged a healthcare provider employed by the Plaintiff to participate in the research study in exchange for a $15 honorarium.

In the First Amended Class Action Complaint ("Amended Complaint"), Plaintiff alleges that the Research Fax violated the Telephone Consumer Protection Act ("TCPA"), despite the innocuous content contained in the Research Fax.  (Dkt. No. 3, ¶ 29.)  Specifically, the Plaintiff argues that the TCPA requires that "unsolicited advertisements" not only contain instructions on how a recipient can "opt-out" from receiving further faxes, but must also contain a specific statement that the "sender's failure to comply within 30 days to a request to stop sending such faxes is unlawful." (*Id.*)  Plaintiff does not allege that the Research Fax failed to include an opt-out mechanism.  To the contrary, the Research Fax contains clear instructions on how the Plaintiff could opt-out of receiving additional faxes.  Plaintiff also does not allege that the opt-out mechanism was not visible, that the opt-out mechanism did not work, that it wanted to opt-out, that it was unable to opt-out, or that Defendants failed to comply with an opt-out request within 30 days.  Indeed, the Amended Complaint is devoid of <u>any</u> allegation that Plaintiff made any effort to opt-out.  Rather, Plaintiff's sole allegation is that Defendants failed to state within the Research Fax that if Defendants theoretically failed to comply with an opt-out request that failure would be "unlawful."

Plaintiff's case is entirely dependent upon the assumption that the TCPA applies to the Research Fax.  It is well-accepted, however, that the TCPA only applies to faxes that contain

advertisements for products or services and does not apply to faxes that contain informational messages. The Research Fax does not, on its face, contain any advertisement for a product or service. In fact, the Eighth Circuit Court of Appeals ("Eighth Circuit") expressly recognized that the informational fax exception exempts faxes, like the Research Fax, that solicit participation in research studies from the scope of the TCPA.

Furthermore, even if the TCPA applied to the Research Fax (which it does not), Plaintiff lacks standing to sue under Article III. The Amended Complaint does not allege *any* actual harm or compensable injury and seeks only to vindicate an alleged technical violation of the TCPA. The U.S. Supreme Court recently held in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (U.S. 2016), that an allegation of a bare procedural violation does not satisfy the requirements of Article III standing, and the "injury-in-fact requirement (of Article III) requires a plaintiff to allege an injury that is both "concrete *and* particularized." *Id.* at 1548-1550 (emphasis in original). The Amended Complaint does not allege either a "concrete" or a "particularized" injury (nor could it). *Id.* at 1548. As a result, Defendants' Motion for Judgment on the Pleadings ("Motion") should be granted.

## STATEMENT OF FACTS

The Amended Complaint alleges that the Plaintiff received the Research Fax on November 17, 2015. (Dkt. No. 3, ¶ 25.) A copy of the Research Fax, which was attached to the original complaint, has been re-attached to this motion for convenience as Exhibit A. (Dkt. No. 3, Exh. A.)

The Research Fax indicated in large font and bold letters that its purpose was to solicit participants for a short study on alternative medicine and that participants, if qualified and selected, would be provided with a small honorarium:

6



(Exh. A.)  The Research Fax also included a notice on how recipients could opt-out of receiving future faxes:

> This message has been sent to you from DoctorDirectory.com, LLC Market Research Services. If you wish to be excluded from future research survey invitations by fax, please check the box indicating the reason from the choices offered below & fax back to us at 800-820-8434.
>
> ☐ Please remove this **provider** from faxed invitations to this number. (Please check this box if this fax number represents more than one provider and other providers would like to continue to receive invitations to studies that pay cash honoraria)
> ☐ Please remove this **fax number** from future invitations.
>
> Or you may call 888-796-4491, ext. 500. If you call, please remember to specify if you want the fax number or provider removed and leave the physician's name, fax number and the Project Code and Access Key indicated above.

From the face of the Research Fax itself, it is clear that it did <u>not</u> promote, describe, or reference any commercial goods or services.  Plaintiff does not allege that it participated in the Research Study.  Noticeably absent from the Amended Complaint are any allegations that:

- the Research Fax did not include an opt-out mechanism;
- the opt-out mechanism was not visible;
- the opt-out mechanism did not work;
- Plaintiff wanted to opt-out;
- Plaintiff was unable to opt-out; or
- Defendants failed to comply with an opt-out request within 30 days.

7

The Amended Complaint seeks to recover only statutory damages under the TCPA. (Dkt. No. 3, Amd. Compl. at ¶¶ 45-51, and Prayer for Relief.)

## ARGUMENT

### I.     The Applicable Legal Standard

"Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate when there are no material issues of fact to be resolved and the movant is entitled to judgment as a matter of law." *Hyneman v. King*, No. 4:13CV00021 BSM, 2014 WL 2009000, at *1 (E.D. Ark. May 15, 2014); *see also Faibisch v. University of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002). "The same standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) governs a motion for judgment on the pleadings under Rule 12(c)." *Id.*, *see also Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim of relief plausible on its face." *Id.*, *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

"In considering the motion for judgment on the pleadings, all facts pleaded by the non-moving party are accepted as true and all reasonable inferences from the pleadings are granted in favor of the non-moving party." *Id.*, *see also Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004). Here, Defendants' Motion should be granted, because (1) the Research Fax was merely an invitation to participate in a clinical research study, and (2) even if the TCPA applied to the Research Fax (which it does not), Plaintiff has not alleged a concrete and particularized injury as required to confer Article III standing to sue under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (U.S. 2016).

## II. The Research Fax Does Not Fall Within The Scope Of The TCPA.

### A. The TCPA Does Not Apply To Informational Faxes.

"The TCPA prohibits the use of any telephone facsimile machine, computer or other device to send an 'unsolicited advertisement.'" 47 U.S.C. §227(b)(1)(C); *Phillips Randolph Enterprises, LLC v. Adler-Weiner Research Chicago, Inc.*, 526 F. Supp. 2d 851, 852 (N.D. Ill. 2007). The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. §227(a)(5) (emphasis added); *see also Ameriguard, Inc. v. Univ. of Kansas Med. Ctr. Research Inst.*, 222 Fed. Appx. 530, 530-531 (8th Cir. 2007). Consequently "messages that do not promote a commercial product or service . . . are not solicited advertisements under the TCPA." *Phillips Randolph Enterprises, LLC,* 256 F. Supp. at 852.; *In re the Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*; *Junk Fax Prevention Act of 2005*, 21 F.C.C.R. 3787, at 3810 (April 6, 2006). The Federal Communications Commission ("FCC") has expressly recognized this informational-fax exception, holding that faxes that "contain only information," do not fall within the scope of the TCPA. *Id.* at 3814.

In *Ameriguard v. University of Kansas Med. Ctr. Research Inst.,* the Western District of Missouri considered whether a fax soliciting participants in a research study fell under the informational fax exception. In that case, a private company – The University of Kansas Medical Research Institute, Inc. – sent a fax soliciting "participants in a clinical research trial" concerning diabetes.[1] As with the Research Fax in this case, the fax in *Ameriguard* indicated

---

[1] The University of Kansas Medical Research Institute, Inc. is not owned by, or affiliated with, the University of Kansas. Docket No. 5, Disclosure of Corporate Interests, *Ameriguard v. University of Kansas Medical Center Research Institute, Inc.*, Case No. 06-cv-00369 (W.D. Mo. May 11, 2016).

9

that individuals interested in participating would need to "qualify," and, if selected, would receive compensation. 2006 WL 1766812 at *1. The court determined that the announcement of a research study, or the solicitation of individuals willing to participate in such a study, does not "announce Defendant is providing or otherwise has available goods, services, or property." *Id.* As the court summarized "regardless of how one views the fax, it does not suggest anything 'commercial.'" *Id.* As a result, the Court held that the TCPA did not apply to the fax and granted the motion to dismiss. *Id.* The Eighth Circuit expressly affirmed. 222 Fed. Appx. 530 (8th Cir. 2007).

Other courts have followed the Eighth Circuit's lead by determining that messages sent to physicians which provide information concerning a product, a survey, or a clinical trial are not subject to the TCPA. *Physicians Healthsource, Inc. v. Janssen Pharm*, Case No. 12-2132, 2013 WL 486207 at *5 (D.N.J. Feb. 6, 2013) (granting motion to dismiss and holding that fax sent to healthcare providers with information concerning defendant's pharmaceutical product was not subject to TCPA); *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc.*, No. 3:14-CV-405, 2015 WL 144728, at *1, 3-5 (D. Conn. Jan. 12, 2015), appeal filed but not decided, *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc.*, No. 15-288 (2d Cir. filed Feb. 2, 2015) (granting motion to dismiss and finding that an invitation to a dinner meeting about diagnosing a medical condition, with only time, date, location and process for registering for the event, without any information about the defendant's products, was not an unsolicited advertisement). For example, the Northern District of Illinois similarly found that a fax sent from a private market research firm soliciting individuals to "participate in a research discussion" about healthcare, and offering $200 for the participation, fell squarely within the informational fax exception as it promoted a "research study" and not "a commercially available

10

service." *Phillips Randolph Enterprises, LLC v. Adler-Weiner Research Chicago, Inc.*, 526 F. Supp. 851, 853 (N.D. Ill. 2007). In granting the defendant's motion to dismiss, the court in *Phillips Randolph* noted, among other things, that unlike an advertisement, the fax at issue in that case was not an "indiscriminate, open-ended invitation" to learn about a company's products, the fax made "clear that individuals interested in participating in the research study must be qualified and pre-screened," and the fax did not contain "coupons" or other commercial solicitations such as "money-saving offers." *Id.*

### B. The Research Fax Falls Under The Informational Fax Exception.

The Research Fax in this case falls squarely within the informational fax exception to the TCPA. As with the research studies in *Ameriguard* and *Phillips Randolph*, the Research Fax made clear that individuals interested in participating must be qualified and screened and, if selected, they would receive an honorarium for their participation. Most importantly, the Research Fax did <u>not</u> promote <u>any</u> commercial goods or services and cannot, as a matter of law, be interpreted as "commercial" in nature such as if it contained coupons, discounts, product promotions or "money saving offers." Indeed, the Amended Complaint fails to allege that the Research Fax contained within it any commercial message; and the fax itself demonstrates, on its face, that it does not. (Exh. A.)

In a misguided attempt to place the Research Fax into the purview of the TCPA, Plaintiff suggests in the Amended Complaint that the Research Fax may be "a mere pretext for advertising the commercial availability or quality of DoctorDirectory's services." (Dkt. No. 3, Amd. Compl. ¶ 26.) This suggestion is completely baseless and would require the Court to stretch the common sense understanding of what qualifies as an advertisement beyond reasonable limits. Under this set of facts, courts have made it clear that "[t]he appropriate inquiry under the TCPA is not whether there is some ancillary commercial benefit to either party,

11

but whether the <u>message</u> is an advertisement which tends to propose a commercial transaction." *Physicians Healthsource, Inc. v. Janssen Pharm., Inc.,* No. 12-2132, 2013 WL 486207, at *4 (D.N.J. Feb. 6, 2013). There is simply no dispute in this case – the message in the fax, on its face, is not an advertisement.

### III. Even If the TCPA Applied To The Research Fax, Plaintiff Has Not Alleged A Concrete And Particularized Injury As Required To Confer Article III Standing Under *Spokeo, Inc. v. Robins*.

Even if the Research Fax was subject to the TCPA, the Amended Complaint is devoid of any allegation that Plaintiff suffered harm as a result of the alleged TCPA violation. *See* Dkt. No. 3, Amd. Compl. at ¶ 25. Instead, Plaintiff seeks only to vindicate an alleged technical violation of the TCPA.

Until a few weeks ago, the law in the Eighth Circuit was that a plaintiff could maintain a lawsuit based only on a statutory violation even if it has not suffered any "injury-in-fact." *See, e.g., Hammer v. Sam's East, Inc.*, 754 F.3d 492, 499 (8th Cir. 2014) (customers had Article III standing to bring claim based on a statutory violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681c(g)(1)); *Golan v. Veritas Entertainment, LLC*, 788 F.3d 814, 820-821 (8th Cir. 2015) (bare statutory violation of the TCPA sufficient to confer Article III standing). However, in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (U.S. 2016), the U.S. Supreme Court rejected the notion that a plaintiff automatically satisfies the injury-in-fact requirement for Article III standing whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. *Id.* at 1549-1550. As the Supreme Court recognized, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm and satisfy the injury-in-fact requirement of Article III." *Id.* at 1549. According to the Supreme Court, a plaintiff also <u>must</u> allege an injury that is both concrete and particularized. *Id.* at 1548.

Just as in *Spokeo*, the Plaintiff in this case has not alleged that it suffered *any* actual harm or damages.  See Dkt. No. 3, Amd. Compl. at ¶ 25.  The Amended Complaint is based solely on an alleged bare violation of the TCPA, which, under *Spokeo*, is not sufficient to show an injury-in-fact that would confer standing to sue under Article III.  *Spokeo*, at 1549.  Neither count in the Amended Complaint, nor the prayer for relief, seek anything other than statutory damages under the TCPA.  (Dkt. No. 3 Amd. Compl. at ¶¶ 45-51, and Prayer for Relief.)  As the Supreme Court recognized, "[t]o establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."  *Id.* at 1548 (internal citations omitted).  "For an injury to be particularized, it must affect the plaintiff in a personal and individual way."  *Id.* (internal citations omitted).  "A concrete injury must be "*de facto*"' that is, it must actually exist."  *Id.* (internal citations omitted).

In this case, Plaintiff has not alleged *any* harm as a result of the alleged TCPA violation.  In fact, there is not even a *risk* of real harm to Plaintiff in this case.  The Plaintiff does not allege that the Research Fax did not include an opt-out mechanism, nor can it, because the Research Fax contains clear instructions on how the Plaintiff could opt-out of receiving additional faxes.  The Plaintiff also does not allege that it did not see the opt-out mechanism, that the opt-out mechanism did not work, that it wanted to opt-out, that it was unable to opt-out, or that Defendants failed to comply with an opt-out request within 30 days.  Simply put, the Amended Complaint is devoid of any allegation that Plaintiff's alleged injury is "real" and not "abstract."  *Id.* at 1548.

## **CONCLUSION**

For the reasons set forth above, Defendants DoctorDirectory.com, LLC and Everyday Health, Inc. respectfully request that this Court enter an order: (a) granting their Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c); and (b) granting such further relief as the Court deems appropriate.

Dated:  June 6, 2016

Respectfully submitted,
By:  */s/  David A. Zetoony*
David A. Zetoony (*admitted Pro Hac Vice*)
Colorado State Bar No. 48108
BRYAN CAVE LLP
1801 13th Street, Suite 300
Boulder, Colorado 80304
Tel :  (202) 508-6030
E-mail : David.Zetoony@bryancave.com

By:  */s/  Maria Z. Vathis*
Maria Z. Vathis (*admitted Pro Hac Vice*)
Illinois State Bar No. 6276866
BRYAN CAVE LLP
161 N. Clark Street, Suite 4300
Chicago, Illinois 60601
Tel:  (312) 602-5000
E-mail: maria.vathis@bryancave.com

ATTORNEYS FOR DEFENDANTS
DOCTORDIRECTORY.COM, LLC AND
EVERYDAY HEALTH, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 6, 2016, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

>/s/ *Maria Z. Vathis*
Maria Z. Vathis (*admitted Pro Hac Vice*)
Illinois State Bar No. 6276866
BRYAN CAVE LLP
161 N. Clark Street, Suite 4300
Chicago, Illinois 60601
Tel: (312) 602-5000
E-mail: maria.vathis@bryancave.com