IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVIS NEUROLOGY, on behalf of itself and                                    PLAINTIFFS
all other entities and persons similarly situated

v.                              CASE NO. 4:16-CV-00095 BSM

DOCTORDIRECTORY.COM, LLC., et al.                                           DEFENDANTS

**ORDER**

Defendant DoctorDirectory.com ("Doctor Directory") moves for judgment for two reasons: (1) plaintiff Davis Neurology's claim does not fall under the Telephone Consumer Protection Act ("TCPA") and alternatively, (2) Davis Neurology lacks standing to bring the claim in federal court. *See* Doc. No. 22. Rather than address the merits of either argument, the case is remanded *sua sponte* for lack of jurisdiction.

Davis Neurology filed suit in state court, but Doctor Directory removed. Doc. Nos. 1, 3. Although both state and federal courts can hear cases involving the TCPA, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012), federal courts are limited by Article III of the Constitution and statutes enacted by Congress. *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993). One such limitation is that Davis Neurology must have standing, which speaks to the jurisdiction of the federal courts. *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). Since Doctor Directory removed, it has the burden of proving that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

Doctor Directory finds itself in a contrarian position: by forcing this case into federal

court through removal, it asserts jurisdiction exists; however, by arguing Davis Neurology lacks standing after *Spokeo v. Robins*, 136 S. Ct. 1540 (2016), it asserts that jurisdiction is lacking. Although *Spokeo* expanded the discussion, courts have observed that the Supreme Court did not answer the ultimate question. *See, e.g., Errington v. Time Warner Cable, Inc.*, Case No. 2:15-CV-02196, 2016 U.S. Dist. LEXIS 66317, at *7–8 (C.D. Cal. 2016). If there is any doubt, however, remand is appropriate. *See In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993) ("The district court was required to resolve all doubts about federal jurisdiction in favor of remand."). Indeed, now that Doctor Directory essentially concedes there is a lack of standing – and thus a lack of jurisdiction – the correct remedy is not judgment, but rather remand back to state court. *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014).

    Therefore, this case is remanded to the Pope County Circuit Court.

    IT IS SO ORDERED this 29th day of June 2016.

                                                  /s/ Brian S. Miller  
                                                UNITED STATES DISTRICT JUDGE